1        6.  For such other relief as the court may deem just and proper.

2    Dated: June 29, 2007              LAW OFFICES OF KENNETH FRUCHT

3

4

5                                  _____s_____
                              Kenneth N. Frucht

6                                  Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

1    of his constitutional rights as a result of customs, policies, patterns and/or practices of Defendant

2    City and County of San Francisco, including but not limited to deliberate indifference in the hiring,

3    supervision, training, and discipline of members of the SFPD, including, but not limited to the

4    Defendants named in this Complaint and DOES 1-50.

5          58.      Plaintiff is informed and believes and thereupon allege that he suffered the violation

6    of his constitutional rights as alleged herein as a result of customs, policies and/or practices of

7    Defendant City and County of San Francisco, including but not limited to customs, policies and/or

8    practices of failing to fully and fairly investigate allegations of criminal conduct, and failure to train

9    officers with regards to intervention in landlord tenant disputes. Plaintiffs are informed and believe

10    and thereupon allege that the misconduct alleged herein was caused by a policy of deliberate

11    indifference of the Defendant City and County of San Francisco and/or other high ranking police

12    department officials and/or supervisors, with regard to the need for more or different training and/or

13    supervision and/or discipline of its police officers.

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. General damages in an amount to be determined according to proof at trial;

2. Special damages, including but not limited to wage loss and/or damage to career; attorneys' fees, court costs and/or other out of pocket expenses incurred in connection with the underlying criminal charges and/or false arrest alleged herein;

3. For costs and reasonable attorneys fees pursuant to 42 U.S.C. § 1988;

4. Punitive damages against the individual Defendants in an amount to be determined according to proof at trial;

5. For prejudgment interest as permitted by law;

COMPLAINT

1  and acted in other ways as set forth in this complaint.

2      51.    As a proximate result of the conspiracy of the defendants, Plaintiff was falsely

3  arrested and imprisoned for 85 days and deprived of his liberty and freedom.

4      **52.**    The conduct of the defendants was willful, oppressive, fraudulent and malicious,

5  thereby entitling Plaintiff to punitive damages from the individual defendants

**FIFTH CLAIM**
(Intentional Infliction of Emotional Distress –
Against All Defendants)

6
7      53.    Plaintiff realleges and incorporates by reference all of the allegations contained in

8  paragraphs 1 through 52 above.

9      54.    The conduct of Defendants, and each of them, as set forth above was extreme and

10 outrageous.  Said conduct was intended to cause severe emotional distress to Plaintiff.  Defendants,

11 by causing the false arrest and imprisonment of Plaintiff, and by making knowingly false and

12 baseless accusations and other statements enumerated above against Plaintiff, conducted themselves

13 in a manner that went beyond all commons notions of decency.  Defendants, and each of them,

14 engaged in conduct intended to humiliate, embarrass, and instill fear in Plaintiff.  Defendants,

15 through their actions and the actions of their agents, directly injured Plaintiff by their failure to act

16 in accordance with common notions of fairness and decency.

17     55.    The foregoing conduct did in fact cause Plaintiff to suffer extreme emotional

18 distress.  As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety,

19 humiliation and emotional distress, and will continue to suffer said emotional distress in the future

20 in an amount according to proof at trial.  Defendants' conduct was the proximate cause of harm and

21 damage to Plaintiff, and by reason of the foregoing alleged acts and conduct Plaintiff is entitled to

22 and seeks general and punitive damages all according to proof at trial

**ELEVENTH CLAIM**
(Monell Claim –
Against CCSF)

23
24
25     56.    Plaintiff realleges and incorporates by reference all of the allegations contained in

26 paragraphs 1 through 55 above.

27     57.    Plaintiff is informed and believes and thereupon allege that he suffered the violation

28

–9–

**COMPLAINT**

amount to be determined by proof at trial.

43.    Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiffs.  Plaintiffs are therefore entitled to and do seek punitive damages against.

### THIRD CLAIM
(42 U.S.C. § 1983 - Violation of Plaintiffs' Fourteenth Amendment Rights -
Against CCSF, ADAMSON, ABRAHAMSEN, OBERHOFFER, BUNAG, GRANIZO, and Does 1
through 50)

44.    Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 43 above.

45.    The acts and omissions of the defendants as described herein culminated in the malicious prosecution of Plaintiff.  Plaintiff was subsequently acquitted of all charges.

46.    As a proximate result the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

47.    Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiffs.  Plaintiffs are therefore entitled to and do seek punitive damages against.

WHEREFORE plaintiff seeks relief in an amount according to proof at trial.

### FOURTH CLAIM
(Conspiracy -
Against CCSF, ADAMSON, ABRAHAMSEN, OBERHOFFER, WILLIAMS, KING, BUNAG,
GRANIZO, and Does 1 through 50)

48.    Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 47 above.

49.    Plaintiff is informed and believes and thereupon alleges that between May and July of 2005, defendant police officers and BUNAG and GRANIZO agreed to implicate, arrest, and cause the conviction of Plaintiff on false criminal charges.

50.    Pursuant to and in furtherance of defendants' conspiracy, Defendants fabricated false and misleading evidence, presented perjured testimony withheld or concealed exculpatory evidence,

–8–

COMPLAINT

1  individual defendants.

## FIRST CLAIM

2

3  (42 U.S.C. § 1983 – Violation of Plaintiff's Fourth Amendment Rights -
Against CCSF, WILLIAMS, KING, BUNAG, GRANIZO, and Does 1 through 50)

4  36.      Plaintiff realleges and incorporates by reference all of the allegations contained in

5  paragraphs 1 through 35 above.

6  37.      The acts and omissions of the defendants as described herein leading up to occurring

7  on or about July 1, 2005, violated Plaintiff's rights under the laws and Constitution of the United

8  States including but not limited to his right to be free from unreasonable searches and seizures as

9  guaranteed by the Fourth Amendment to the United States Constitution.

10  38.      As a proximate result the conduct of the defendants, Plaintiff was damaged in an

11  amount to be determined by proof at trial.

12  39.      Defendants engaged in the aforementioned acts maliciously, callously, oppressively,

13  wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated,

14  despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiffs.  Plaintiffs

15  are therefore entitled to and do seek punitive damages against.

16  WHEREFORE plaintiff seeks relief in an amount according to proof at trial.

## SECOND CLAIM

17

18  (42 U.S.C. § 1983 – Violation of Plaintiffs' Fourth Amendment Rights -
Against CCSF, ADAMSON, ABRAHAMSEN, OBERHOFFER, BUNAG, GRANIZO, and Does 1

19  through 50)

20  40.      Plaintiff realleges and incorporates by reference all of the allegations contained in

21  paragraphs 1 through 39 above.

22  41.      The acts and omissions of the defendants as described herein and which culminated

23  in Plaintiffs' arrest on July 28, 2005, Plaintiff's incarceration in the San Francisco County Jail, and

24  Plaintiff's involuntary confinement in the San Francisco General Hospital Psychiatric Ward,

25  violated Plaintiff's rights under the laws and Constitution of the United States including but not

26  limited to his right to be free from unreasonable searches and seizures as guaranteed by the Fourth

27  Amendment to the United States Constitution.

28  42.      As a proximate result the conduct of the defendants, Plaintiff was damaged in an

–7–

COMPLAINT

27.    On or about July 29, 2005, defendants caused Plaintiff to be involuntarily placed in the San Francisco General Hospital Psychiatric Ward where he was kept for 72 hours.

28.    After Plaintiff was arrested, defendants submitted police reports containing false statements and material omissions, the result of which was to interfere with the independent judgment of prosecuting attorneys and cause Plaintiff to be criminally prosecuted.

29.    As a result of the conduct of the defendants, and each of them, Plaintiff was jailed for 85 days in the San Francisco County Jail.  His case was then tried before a jury and he was acquitted of all charges.

30.    During that time that Plaintiff was jailed and awaiting trial, BUNAG and GRANIZO caused or allowed Plaintiff's truck and motorcycle and other possessions to be damaged or taken.

31.    Plaintiff is informed and believes and thereupon allege that BUNAG and GRANIZO's statements to dispatchers and to San Francisco police officers were intentionally and maliciously false and were meant to cause the police to arrest, charge, and convict Plaintiff and achieve BUNAG's and GRANIZO's goal of permanently removing Plaintiff from his home. BUNAG's and GRANIZO's actions and conduct were deliberate, reckless, malicious, and undertaken with deliberate indifference and conscious disregard for Plaintiff's rights.

## DAMAGES

32.    As a direct and proximate result of the acts and omissions of the Defendants as alleged herein, Plaintiff was deprived of his constitutional rights and of his liberty and freedom.

33.    As a further direct and proximate result of the acts and omissions of the Defendants as alleged herein, Plaintiff was unable to work for the period of his incarceration, and suffered a loss of income as a result.

34.    As a further direct and proximate result of the acts and omissions of the Defendants as alleged herein, Plaintiff suffered and continues to suffer humiliation, fear, embarrassment, emotional anguish and extreme emotional distress in an amount to be determined according to proof at trial.

35.    Defendants acts and omissions were willful, oppressive, fraudulent and malicious, and as a result of such conduct Plaintiff is entitled to, and seeks punitive damages from each of the

–6–

1  refused to allow Plaintiff access to the kitchen.  When Plaintiff called the police, Officers KING

2  and WILLIAMS responded.  When the officers spoke to GRANIZO, she indicated to them that

3  Plaintiff had guns in his unit.  Without any questioning, the officers immediately placed Plaintiff in

4  handcuffs and unlawfully entered his unit without a warrant and without Plaintiff's consent.  Upon

5  entering Plaintiff's unit, the officers ransacked his home and confiscated his gun collection.

6  Plaintiff remained in handcuffs for approximately one hour before he was released.  Plaintiff's gun

7  collection has never been returned to Plaintiff.

8      22.    Plaintiff is informed and believes that or about mid-July, an individual came and

9  made an appraisal of the value of Plaintiff's truck and tools that were stored in the garage – at the

10  behest of BUNAG and GRANIZO.  Plaintiff is further informed and believes and thereupon alleges

11  that BUNAG and GRANIZO wanted to know the value of Plaintiff's possessions, because they

12  intended to have Plaintiff arrested and jailed, and thereafter to convert his truck and tools.

13      23.    On or about July 28, 2005, ADAMSON, ABRAHAMSEN, and OBERHOFFER

14  came to the HOUSE in response to a call from BUNAG falsely alleging that Plaintiff was

15  trespassing at the HOUSE.

16      24.    Plaintiff is informed and believes and thereupon alleges that when they arrived at the

17  HOUSE on or about July 28, 2005, defendant police officers knew or reasonably should have

18  known that Plaintiff's agreement as a tenant allowed him access to the upstairs unit for the purpose

19  of using the kitchen, that BUNAG had previously and unsuccessfully attempted to evict Plaintiff

20  from the HOUSE, that BUNAG had a grudge against Plaintiff as well as a dispute about Plaintiff's

21  rental of the HOUSE, and that BUNAG and GRANIZO were using the officers in his effort to

22  remove Plaintiff from the premises.

23      25.    When the officers arrived at the HOUSE on July 28, 2005, they immediately placed

24  Plaintiff in handcuffs.  When Plaintiff asked why he was being arrested, ABRAHMSEN told him

25  that he was being arrested for trespassing.

26      26.    After handcuffing Plaintiff, the defendant officers entered Plaintiff's residence

27  without a warrant and without Plaintiff's permission, and confiscated a rifle that belonged to

28  Plaintiff.  The officers then took Plaintiff to jail.

–5–

COMPLAINT

1    guns, and kept a gun collection in his home that he had built up over many years.

2       16.    Plaintiff's unit did not have a kitchen, and therefore, pursuant to the rental

3    agreement, Plaintiff was given permission to use the kitchen in the upstairs unit.

4       17.    In or about May 2005, Plaintiff was experiencing financial difficulties. GRANIZO

5    and Plaintiff reached an agreement whereby Plaintiff performed work on the house in exchange for

6    a deferment of the rental payments that he owed. In accordance with this agreement, and as

7    consideration for the rent deferral, Plaintiff performed yard work, painted parts of the HOUSE, and

8    made repairs and/or replacements to various parts of the HOUSE.

9       18.    Despite the rent deferral agreement between GRANIZO and Plaintiff, beginning in

10   May 2005, defendant BUNAG and GRANIZO began to harass Plaintiff in an attempt to intimidate

11   him and cause him emotional distress, and thereby force him to vacate the rental unit. On one

12   occasion BUNAG brought several scary looking individuals to the house and threatened Plaintiff

13   with harm if he did not move out. At another time a death threat was made on Plaintiff. Plaintiff

14   was repeatedly told by BUNAG and associates of BUNAG that he would be harmed. On other

15   occasions, professional tools from Plaintiff's workshop in the garage disappeared. Yet on other

16   occasions, Plaintiff's food items were tampered with and contaminated by the placement of foreign

17   substances in the food. Finally, BUNAG and GRANIZO cancelled Plaintiff's water and PG&E

18   service at the HOUSE.

19      19.    The aforementioned conduct by BUNAG and GRANIZO were intended to cause

20   Plaintiff emotional distress, and did cause him severe emotional distress, including but not limited

21   to fear, anxiety, anger, and stress.

22      20.    In or about June 2005, San Francisco Police Officers ADAMSON and

23   ABRAHAMSEN went to the HOUSE and confronted Plaintiff about his failure to pay rent. The

24   officers asked Plaintiff why he had not paid his rent and told him to pay the rent. Plaintiff is

25   informed and believes and thereupon alleges that ADAMSON and ABRAHAMSEN confronted

26   Plaintiff about his nonpayment of rent, and became involved in what was essentially a landlord

27   tenant issue, at the request and urging of BUNAG and GRANIZO.

28      21.    On or about July 1, 2005, GRANIZO changed the lock to the upstairs unit and

– 4 –

COMPLAINT

1  Francisco.  Plaintiff is informed and believes and thereupon alleges that at all times mentioned

2  herein, BUNAG conspired with the defendant police officers and participated in joint action with

3  defendant police officers with the intent to deprive Plaintiff of his constitutional rights.  Therefore,

4  at all times mentioned herein, BUNAG acted under color of state law.

5  11.      Defendant Esther Granizo ("GRANIZO") is an individual and Plaintiff is informed

6  and believes that he was at all times mentioned herein a resident of the City and County of San

7  Francisco.  Plaintiff is informed and believes and thereupon alleges that at all times mentioned

8  herein, Granizo conspired with the defendant police officers and participated in joint action with

9  defendant police officers with the intent to deprive Plaintiff of his constitutional rights.  Therefore,

10  at all times mentioned herein, Granizo acted under color of state law.

11  12.      Plaintiff is ignorant of the true names and capacities whether. individual, corporate

12  or otherwise, of DOES 1-25 herein and prays leave of the Court to insert the true names and

13  capacities of such Defendants when they become known or are ascertained, together with

14  appropriate charging allegations.

15  13.      Plaintiff is informed and believes and thereon alleges that each of the Defendants

16  named herein was the agent, employee or representative of each of the other defendants, and in

17  doing the things herein mentioned, were acting in the course and scope of such agency and/or

18  employment. It is further alleged that each of the Defendants, in doing the acts or omissions

19  complained of herein, acted or omitted to act in concert as agents of and/or on behalf of the other

20  defendants named herein, and authorized, ratified, and aided and abetted the doing of the acts

21  alleged herein, and proximately caused Plaintiff's damages as herein alleged while acting in such

22  capacity.

23  ### III.    FACTUAL ALLEGATIONS

24  14.      Plaintiff is informed and believes and thereupon alleges that in 2005, the property at

25  1 Santa Barbara Street in San Francisco, California (the "HOUSE"), was owned jointly by

26  GRANIZO and BUNAG.

27  15.      In March 2005 Plaintiff rented a downstairs in-law unit at the HOUSE from

28  GRANIZO.  Plaintiff lived in the in-law unit, and also rented the garage.  Plaintiff is a collector of

–3–

COMPLAINT

**II.    PARTIES**

3.    At all times relevant hereto, GREEN was a resident of the City and County of San Francisco, State of California.

4.    Defendant, CITY AND COUNTY OF SAN FRANCISCO ("CCSF"), is and was at all times herein mentioned, a public entity duly organized and existing under the law of the State of California.

5.    Defendant Thomas Abrahamsen ("ABRAHAMSEN") was at all times herein mentioned a police officer of the San Francisco Police Department.  In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual capacity.

6.    Defendant Lorenzo Adamson ("ADAMSON"), was at all times herein mentioned a police officer of the San Francisco Police Department.  In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual capacity.

7.    Defendant David Oberhoffer ("OBERHOFFER"), was at all times herein mentioned a police officer of the San Francisco Police Department.  In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual capacity.

8.    Defendant Jerry King ("KING"), was at all times herein mentioned a police officer of the San Francisco Police Department.  In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual capacity.

9.    Defendant Michael Williams ("WILLIAMS"), was at all times herein mentioned a police officer of the San Francisco Police Department.  In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual capacity.

10.    Defendant Ramon Bunag ("BUNAG") is an individual and Plaintiff is informed and believes that he was at all times mentioned herein a resident of the City and County of San

COMPLAINT

Kenneth N. Frucht, State Bar No. 178881
LAW OFFICES OF KENNETH FRUCHT
120 Montgomery Street, Suite 1600
San Francisco, CA 94104
Tel:  (415) 392-4844
Fax: (415) 392-7973

ATTORNEY FOR PLAINTIFFS

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD GREEN,** | **CASE NO.:** |
| **Plaintiff,** | |
| **v.** | |
| **CITY AND COUNTY OF SAN FRANCISCO, THOMAS ABRAHAMSEN, LORENZO ADAMSON, DAVID OBERHOFFER, JERRY KING, MICHAEL WILLIAMS, RAMON BUNAG, ESTHER GRANIZO, and DOES 1-50, inclusive,** | **COMPLAINT FOR DAMAGES (42 U.S.C 1983)** |
| **Defendants.** | |

COMES NOW PLAINTIFF Ronald Green ("GREEN") and alleges and complains against Defendants, CITY AND COUNTY OF SAN FRANCISCO, Thomas Abrahamsen, Lorenzo Adamson, David Oberhoffer, Jerry King, Michael Williams, Ramon Bunag and Esther Granizo, and DOES 1-25, inclusive, as follows:

### I.    JURISDICTION

1.    This is a civil rights action and this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2.    Venue is proper in the Northern District of California under 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the claims in this action occurred within this District.

COMPLAINT