DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DONALD P. MARGOLIS, State Bar #116588
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3853
Facsimile:      (415) 554-3837
E-Mail:          don.margolis@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
THOMAS ABRAHAMSEN, LORENZO ADAMSON,
DAVID OBERHOFFER, JERRY KING, AND MICHAEL
WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RONALD GREEN, | Case No. C 07-3433 MMC |
|---|---|
| Plaintiff, | **ANSWER OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, THOMAS ABRAHAMSEN, LORENZO ADAMSON, DAVID OBERHOFFER, JERRY KING, AND MICHAEL WILLIAMS, TO PLAINTIFF'S COMPLAINT; JURY DEMAND** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, THOMAS ABRAHAMSEN, LORENZO ADAMSON, DAVID OBERHOFFER, JERRY KING, MICHAEL WILLIAMS, RAMON BUNAG, ESTHER GRANIZO and Does 1-50, inclusive, | |
| | Trial Date:     None |
| Defendants. | |

　　　　Defendants City and County of San Francisco ("the City"), Thomas Abrahamsen, Lorenzo Adamson, David Oberhoffer, Jerry King, and Michael Williams (collectively, "defendants"), by and through their attorney of record, answer the unverified complaint filed on or about June 29, 2007 ("complaint") as follows:

CITY AND OFFICERS' ANSWER; JURY DEMAND;   1   n:\lit\li2007\080465\00444189.doc
CASE NO. C 07-3433 MMC

**JURISDICTION**

1. Paragraph 1 of the complaint contains jurisdictional allegations to which no response is required.

2. Defendants admit the allegations contained in paragraph 2 of the complaint.

**PARTIES**

3. Defendants lack knowledge or information sufficient to respond to the allegations contained in paragraph 3 of the complaint.

4. Defendants admit the allegations contained in paragraph 4 of the complaint.

5. Defendant Abrahamsen admits the allegations contained in paragraph 5 of the complaint.

6. Defendant Adamson admits the allegations contained in paragraph 6 of the complaint.

7. Defendant Oberhoffer admits the allegations contained in paragraph 7 of the complaint.

8. Defendant King admits the allegations contained in paragraph 8 of the complaint.

9. Defendant Williams admits the allegations contained in paragraph 9 of the complaint.

10. Defendants deny that they conspired and/or "participated in joint action" with defendant Bunag. Defendants lack knowledge or information sufficient to respond to the allegations pertaining to the motives or mental state of defendant Bunag that are alleged in paragraph 10 of the complaint.

11. Defendants deny that they conspired and/or "participated in joint action" with defendant Granizo. Defendants lack knowledge or information sufficient to respond to the allegations pertaining to the motives or mental state of defendant Granizo that are alleged in paragraph 11 of the complaint.

12. Defendants lack knowledge or information sufficient to respond to the allegations contained in paragraph 12 of the complaint.

13. Defendants deny the allegations contained in paragraph 13 of the complaint.

**FACTUAL ALLEGATIONS**

14. Defendants lack knowledge or information sufficient to respond to the allegations

1  contained in paragraph 14 of the complaint.

2      15.     Defendants lack knowledge or information sufficient to respond to the allegations
3  contained in paragraph 15 of the complaint.

4      16.     Defendants lack knowledge or information sufficient to respond to the allegations
5  contained in paragraph 16 of the complaint.

6      17.     Defendants lack knowledge or information sufficient to respond to the allegations
7  contained in paragraph 17 of the complaint.

8      18.     Defendants lack knowledge or information sufficient to respond to the allegations
9  contained in paragraph 18 of the complaint.

10     19.     Defendants lack knowledge or information sufficient to respond to the allegations
11 contained in paragraph 19 of the complaint.

12     20.     Defendants Adamson and Abrahamsen deny the allegations contained in paragraph 20
13 of the complaint.  The remaining answering defendants lack knowledge or information sufficient to
14 respond to the allegations contained in paragraph 20 of the complaint.

15     21.     Defendants King and Williams admit that they responded to a call for service at
16 plaintiff's residence on or about July 1, 2005.  These defendants deny the remaining allegations
17 contained in paragraph 21.  The remaining defendants lack knowledge or information sufficient to
18 respond to the allegations contained in paragraph 19 of the complaint.

19     22.     Defendants lack knowledge or information sufficient to respond to the allegations
20 contained in paragraph 22 of the complaint.

21     23.     Defendants Adamson, Abrahamsen, and Oberhoffer admit that on or about July 28,
22 2005, they came to plaintiff's residence in response to a call for service.  These defendants deny the
23 remaining allegations contained in paragraph 23.  The remaining answering defendants lack
24 knowledge or information sufficient to respond to the allegations contained in paragraph 23 of the
25 complaint.

26     24.     Defendants Adamson, Abrahamsen, and Oberhoffer deny the allegations contained in
27 paragraph 24 of the complaint.  The remaining answering defendants lack knowledge or information
28 sufficient to respond to the allegations contained in paragraph 24 of the complaint.

25. Defendants Adamson, Abrahamsen, and Oberhoffer deny the allegations contained in paragraph 25 of the complaint. The remaining answering defendants lack knowledge or information sufficient to respond to the allegations contained in paragraph 25 of the complaint.

26. Defendants Adamson, Abrahamsen, and Oberhoffer deny the allegations contained in paragraph 26 of the complaint. The remaining answering defendants lack knowledge or information sufficient to respond to the allegations contained in paragraph 26 of the complaint.

27. Defendants deny the allegations contained in paragraph 27 of the complaint.

28. Defendants deny the allegations contained in paragraph 28 of the complaint.

29. Defendants deny that as a result of their conduct, plaintiff was jailed for 85 days, or any time, in the San Francisco County Jail. Defendants lack knowledge or information sufficient to respond to the remaining allegations contained in paragraph 29 of the complaint.

30. Defendants lack knowledge or information sufficient to respond to the allegations contained in paragraph 30 of the complaint.

31. Defendants lack knowledge or information sufficient to respond to the allegations contained in paragraph 31 of the complaint.

**DAMAGES**

32. Defendants deny the allegations contained in paragraph 32 of the complaint.

33. Defendants deny the allegations contained in paragraph 33 of the complaint.

34. Defendants deny the allegations contained in paragraph 34 of the complaint.

35. Defendants deny the allegations contained in paragraph 35 of the complaint.

**FIRST CLAIM**

36. Defendants incorporate paragraphs 1 through 35, above.

37. Defendants deny the allegations contained in paragraph 37 of the complaint.

38. Defendants deny the allegations contained in paragraph 38 of the complaint.

39. Defendants deny the allegations contained in paragraph 39 of the complaint.

**SECOND CLAIM**

40. Defendants incorporate paragraphs 1 through 39, above.

41. Defendants deny the allegations contained in paragraph 41 of the complaint.

42. Defendants deny the allegations contained in paragraph 42 of the complaint.

43. Defendants deny the allegations contained in paragraph 43 of the complaint.

### THIRD CLAIM

44. Defendants incorporate paragraphs 1 through 43, above.

45. Defendants deny the allegations contained in paragraph 45 of the complaint.

46. Defendants deny the allegations contained in paragraph 46 of the complaint.

47. Defendants deny the allegations contained in paragraph 47 of the complaint.

### FOURTH CLAIM

48. Defendants incorporate paragraphs 1 through 47, above.

49. Defendants deny the allegations contained in paragraph 49 of the complaint.

50. Defendants deny the allegations contained in paragraph 50 of the complaint.

51. Defendants deny the allegations contained in paragraph 51 of the complaint.

52. Defendants deny the allegations contained in paragraph 52 of the complaint.

### FIFTH CLAIM

53. Plaintiff has dismissed the fifth claim for relief against these answering defendants, who therefore do not answer the allegations of that claim.

### SIXTH CLAIM (Misdesignated as Eleventh Claim)

56. Defendants incorporate paragraphs 1 through 55, above.

57. Defendants deny the allegations contained in paragraph 57 of the complaint.

58. Defendants deny the allegations contained in paragraph 58 of the complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim For Relief)

59. Plaintiff's complaint and each cause of action fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(No Respondeat Superior Liability –First, Second, , Third, and Fourth Claims)

60. The City cannot be vicariously liable for federal civil rights violations under 42 U.S.C. § 1983. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

**THIRD AFFIRMATIVE DEFENSE**

(Qualified Immunity—Federal Claims)

61. Thomas Abrahamsen, Lorenzo Adamson, David Oberhoffer, Jerry King, and Michael Williams ("the individual defendants") enjoy qualified immunity from liability under 42 U.S.C. section 1983 under the doctrine announced in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982) and its progeny.

**FOURTH AFFIRMATIVE DEFENSE**

(Immunity From Exemplary Damages – Federal Claims)

62. The City is immune from liability for punitive or exemplary damages pursuant to the doctrine articulated in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

**FIFTH AFFIRMATIVE DEFENSE**

(Failure To Comply With Tort Claims Act – Fourth Claim)

63. Plaintiff's failure to present a claim as required by California Government Code sections 910 *et seq.* bars any and all relief on any state law claim, including the fourth claim for conspiracy.

**SIXTH AFFIRMATIVE DEFENSE**

(Comparative Fault – State Law Claims)

64. The conduct of persons other than these defendants — particularly the conduct of plaintiff himself — contributed to and proximately caused the occurrence and the alleged injuries. Under the principles formulated in *American Motorcycle Association v. Superior Court,* 20 Cal.3d 578 (1978), defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that these defendants' ultimate liability be reduced to the extent of such contribution.

**SEVENTH AFFIRMATIVE DEFENSE**

(Reckless Conduct – State Law Claims)

65. At all times mentioned in plaintiff's complaint, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint. Such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff. As a consequence, plaintiff's claim are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

(Statutory Immunity – State Law Claims)

66. The City and its employees are immune from all liability for each and every cause of action based on state law, pursuant to California Government Code §§ 815.2, 820, 820.2, 820.4, 820.6, 820.8, 821, 844, 844.6, 845, 845.2, 845.6, 845.8, 846; Penal Code §§ 834, 834a, 835, 835a, 836, 836.5, 839, 845.6, and 847; and related provisions and interpretive case law.

**NINTH AFFIRMATIVE DEFENSE**

(Immunity From Exemplary Damages – State Law Claims)

67. Defendants are immune from liability for exemplary damages under California Government Code § 818.

**TENTH AFFIRMATIVE DEFENSE**

(Estoppel – State Law Claims)

68. By reason of his own acts and omissions, plaintiff is estopped from seeking any recovery from defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Justified Incarceration – All Claims)

69. The complaint and each cause of action herein is barred because the defendants were legally justified to detain, arrest, book and incarcerate plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

(Assumption of the Risk – State Law Claims)

70. Plaintiff had full knowledge of the risk involved in the activity in which plaintiff was engaged at the time of the happening of the incident set forth in the complaint. Plaintiff voluntarily

1 assumed all the risks incident to the activity engaged in at the time and place mentioned in this
2 complaint, and the loss or damage, if any, sustained by plaintiff was caused by those risks.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations – All Claims)

71.　To the extent that plaintiff seeks to recover for acts that he alleges defendants took before June 29, 2005, the action is barred by the statute of limitations contained in California Code of Civil Procedure section 335.1.  *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938 (1985).

WHEREFORE, defendants pray that plaintiff take nothing by the complaint on file herein, that defendants have judgment for costs of suit herein incurred and for such other and further relief as the Court may deem proper.

Dated:  November 28, 2007

          DENNIS J. HERRERA
          City Attorney
          JOANNE HOEPER
          Chief Trial Deputy


By:_____*/S/*_____
     DONALD P. MARGOLIS
     Deputy City Attorney

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, THOMAS ABRAHAMSEN, LORENZO ADAMSON, DAVID OBERHOFFER, JERRY KING, AND MICHAEL WILLIAMS

**JURY DEMAND**

Defendants demand a trial by jury of all issues so triable.

Dated: November 28, 2007

                              DENNIS J. HERRERA
                              City Attorney
                              JOANNE HOEPER
                              Chief Trial Deputy

By: _____/S/_____
        DONALD P. MARGOLIS
        Deputy City Attorney

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, THOMAS ABRAHAMSEN, LORENZO ADAMSON, DAVID OBERHOFFER, JERRY KING, AND MICHAEL WILLIAMS