DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DONALD P. MARGOLIS, State Bar #116588
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3853
Facsimile:    (415) 554-3837
E-Mail:       don.margolis@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
THOMAS ABRAHAMSEN, LORENZO ADAMSON,
DAVID OBERHOFFER, JERRY KING, MICHAEL
WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD GREEN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, THOMAS ABRAHAMSEN, LORENZO ADAMSON, DAVID OBERHOFFER, JERRY KING, MICHAEL WILLIAMS, RAMON BUNAG, ESTHER GRANIZO and Does 1-50, inclusive,<br><br>　　　　Defendants. | Case No. C 07-3433 MMC<br><br>[PROPOSED] **PROTECTIVE ORDER PURSUANT TO STIPULATION** |

　　　　Pursuant to Federal Rule of Civil Procedure 26(c) the parties certify that they have in good faith conferred and have agreed that good cause warrants entry of a protective order as follows.

**Recitals**

　　　　A.　　Plaintiff has requested production of documents and provision of information found in the personnel files of defendant peace officers, including material concerning training and education,

Protective Order Pursuant to Stipulation　　　　　　　1　　　　　　　n:\lit\li2008\080465\00484233.doc
USDC NO. C07-3433

1  other contents of the officers' personnel files, citizen complaints, and promotional and disciplinary
2  history. All of these documents and information, plus any additional material contained in the
3  personnel files or files of the Office of Citizen Complaints bearing on citizen complaints and the
4  investigation and disposition thereof, shall be referred to as "Confidential Official Material."

5  B.  The defendant peace officers as to whom plaintiff seeks discovery of Confidential
6  Official Material assert a privacy and confidentiality interest in this material. The City and County of
7  San Francisco ("City") asserts that the official information privilege also protects against disclosure
8  of this Confidential Official Material, and that the City has an obligation to protect the confidentiality
9  of this matter. *See* California Penal Code section 832.7. Notwithstanding these privacy and
10 confidential interests, and notwithstanding the City's obligation, the City has agreed to produce and
11 disclose all relevant Confidential Official Material subject to the terms of this Protective Order.

12 GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record,
13 to the entry of an order as follows:

14 **Order**

15 1.  All documents containing peace officer personnel information or records of citizen
16 complaints that the defendants consider in good faith to be or to contain Confidential Official
17 Material shall be stamped or otherwise designated "Confidential."

18 2.  All deposition testimony and deposition exhibits that the defendants consider in good
19 faith to be or to contain Confidential Official Material shall, at the request of the defendants, be
20 designated Confidential on the record.

21 3.  Recipients of confidential official materials shall preserve the confidentiality and
22 privacy of all Confidential Official Material.

23 4.  Confidential official materials shall be made available only to plaintiff's counsel,
24 deponents or trial witnesses, counsel of record, or experts engaged by the parties or counsel of record.
25 The persons receiving such documents or information shall use them solely for the purpose of this
26 litigation. Confidential Official Material may be disclosed to persons only to the extent necessary for
27 the preparation for trial of this case. Confidential Official Material shall not be disclosed directly or
28 indirectly to any other person other than as provided in this Order, except by agreement of the City.

1  Unauthorized disclosure of the substance, a summary, or any portion of a confidential document
2  constitutes a violation of this Order.

3  5.  When any Confidential Official Material is disclosed as permitted by this Order, each
4  person receiving such disclosure shall be shown a copy of this Order and shall sign a statement
5  agreeing to be bound by this Order. Defendants shall be provided notice of such disclosure. This
6  Order is enforceable in contempt proceedings.

7  6.  Any use of Confidential Official Material, or comment on the contents of any
8  Confidential Official Material in pleadings or documents filed with the Court pursuant to this
9  litigation, shall be filed in sealed envelopes under Civil L.R. 79-5. The sealed envelopes shall be
10 endorsed with the caption of this litigation, and an indication of the nature of the contents of the
11 envelopes and a statement substantially in the following form:

> This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the City and County of San Francisco.

15 7.  Nothing in this Order shall be deemed to: (1) limit or waive any right of any party to
16 resist or compel discovery with respect to documents or other material which may be claimed to be
17 privileged or otherwise protected or protectable; (2) preclude any party at any time from seeking and
18 obtaining from the court, on an appropriate showing, additional protection, including an order that
19 material shall not be produced at all; or (3) constitute a ruling on the admissibility of any documents
20 or other material as evidence in this action.

21 8.  Any inadvertent disclosure made in violation of this Order shall be immediately
22 corrected by the offending party and does not constitute a waiver of the terms of this Order, except by
23 written agreement of the parties, or further order of this Court.

24 9.  All documents covered by this Order and copies thereof shall be returned to the City at
25 the termination of this litigation. Plaintiff's counsel shall comply with this requirement within 30
26 days after termination of this litigation, without request of defendants or further order of this Court.
27 The provisions of this Order, insofar as they restrict the communication and use of the documents or
28

1  information covered by this Order, shall, without written permission of the City or further order of the
2  court, continue to be binding after the conclusion of the action.
3      10.   Nothing in this agreement shall prevent plaintiff from seeking a court order
4  challenging the confidential designation by defendants of these documents, nor shall this agreement
5  prevent defendants from seeking an order preventing disclosure of any documents deemed
6  confidential or protected by law.
7      It is so stipulated.
8  Dated: May ~~13~~ June 13, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Attorney
DONALD P. MARGOLIS
Deputy City Attorney

By: _____
DONALD P. MARGOLIS
Attorneys for Defendants

Dated: May 16, 2008

LAW OFFICES OF KENNETH N. FRUCHT

By: _____
KENNETH N. FRUCHT
Attorneys for Plaintiff
[The filer of this document attests that concurrence in the filing of this document has been obtained from defendant's attorney below, and shall serve in lieu of his signature.]

## ORDER

BASED ON THE ABOVE STIPULATION, IT IS SO ORDERED, provided that any request to file any material under seal shall be submitted pursuant to Civil Local Rule 79-5.

Dated: June 17, 2008

By: _____
HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE