DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DONALD P. MARGOLIS, State Bar #116588
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3853
Facsimile:     (415) 554-3837
E-Mail:         don.margolis@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
THOMAS ABRAHAMSEN, LORENZO ADAMSON,
DAVID OBERHOFFER, JERRY KING, MICHAEL
WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD GREEN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, THOMAS ABRAHAMSEN, LORENZO ADAMSON, DAVID OBERHOFFER, JERRY KING, MICHAEL WILLIAMS, RAMON BUNAG, ESTHER GRANIZO and Does 1-50, inclusive,<br><br>　　　　Defendants. | Case No. C 07-3433 MMC<br><br>**[PROPOSED] PROTECTIVE ORDER PURSUANT TO STIPULATION** |

Pursuant to Federal Rule of Civil Procedure 26(c) and Civil L.R. 7-12, the parties certify that they have in good faith conferred and have agreed that good cause warrants entry of a protective order as follows.

**RECITALS**

A.      An issue in this case is whether the defendant officers had cause to detain plaintiff based on information that there was an outstanding warrant for plaintiff's arrest.

B.      The notification to the officers concerning the existence and status of an arrest warrant took the form of a computerized transmittal.  The San Francisco Department of Emergency Management ("DEM") is the custodian of the printout of that form, known alternatively as an Event History Detail or a computer assisted dispatch ("CAD") printout.

C.      The City Attorney's Office, which represents the defendant officers, has requested from DEM a copy of CAD printouts relating to plaintiff Ronald S. Green, whose date of birth is August 14, 1970.   DEM has provided only redacted versions to the City Attorney's Office.  DEM has redacted not only information concerning the arrest warrant and its status, but also information obtained through the California Law Enforcement Telecommunications System ("CLETS"), a computerized law enforcement communications network that allows certain law enforcement agencies to obtain information directly from federal, state and local computerized information files.

D.      California law provides that information contained in the CLETS "shall be used exclusively for the official business of the state, and the official business of any city, county, city and county, or other public agency." Cal. Gov't Code § 15153.

E.      The CLETS Policies, Practices and Procedures ("PPP") promulgated by the California Attorney General, provide that:

> Only authorized law enforcement or criminal justice personnel or their lawfully authorized designees may use a CLETS terminal.  Any information accessed via CLETS is confidential and for official use only.  Access is defined as the ability to hear or view any information provided through CLETS.

PPP ¶1.6.4 at p. 27.  The PPP also provides that "[a]ccess to CLETS information is on a 'right to know' and 'need to know' basis. *Id.* at ¶1.6.4.A at p. 28.  Finally, the PPP provides that "[a]ccessing and/or releasing CLETS information for non-law enforcement purposes is prohibited, unless

otherwise mandated, and is subject to administrative action and/or criminal prosecution." *Id.* at ¶1.6.4.C at p. 28.

    F.    California Penal Code section 11141 provides:

> An employee of the [California] Department of Justice who knowingly furnishes a record or information obtained from a record to a person who is not authorized by law to receive the record or information is guilty of a misdemeanor.

    G.    California Penal Code section 11142 provides:

> Any person authorized by law to receive a record or information obtained from a record to a person who knowingly furnishes the record or information to a person who is not authorized by law to receive the record or information is guilty of a misdemeanor.

    H.    California Penal Code section 11143 provides:

> Any person … who, knowing he is not authorized by law to receive a record or information obtained from a record, knowingly … received, or possesses the record or information is guilty of a misdemeanor.

    I.    To aid their defense in the present case, the defendants wish to obtain and produce to plaintiff unredacted versions of applicable CAD printouts, showing CLETS information and information concerning any arrest warrants relating to plaintiff, including, but not limited to, CAD No. 051821042, for Incident No. 050-734-340, dated July 1, 2005.

    J.    The defendants and their counsel, and plaintiff and his counsel, seek issuance of a protective order legally authorizing their access to CLETS information contained in the CAD printout, to avoid the risk of liability under the provisions quoted above or any other applicable provisions of law. The parties agree to strict limits on the scope of their proposed legal authority, so that they would be authorized to receive, furnish, and possess the CAD printout containing the CLETS record and information in that record only for the narrow purpose of prosecuting or defending the present litigation.

The parties stipulate, though their attorneys of record, to the entry of an order as follows:

## STIPULATION

1.  The San Francisco Department of Emergency Management ("DEM"), and its employees, are authorized to furnish to the San Francisco City Attorney's Office unredacted versions of all CAD printouts, or Event History Details, concerning plaintiff Ronald S. Green, whose date of birth is August 14, 1970, including, but not limited to, CAD No. 051821042, for Incident No. 050-734-340, dated July 1, 2005.  The San Francisco City Attorney's Office and its employees are authorized to furnish to counsel for plaintiff Ronald S. Green all such materials received from DEM.  Plaintiff Ronald S. Green and his counsel, Kenneth Frucht, are authorized to possess all such material.

2.  All documents containing CLETS records and information from CLETS records, or warrant information, shall be stamped or otherwise designated "Confidential Criminal Information."

3.  All testimony and exhibits that the defendants consider in good faith to be or to contain Confidential Criminal Information shall, at the request of the defendants, be designated Confidential on the record.

4.  Recipients of Confidential Criminal Information shall preserve the confidentiality and privacy of all Confidential Criminal Information.

5.  Confidential Criminal Information shall be made available only to plaintiff's counsel, deponents or trial witnesses, counsel of record, or consultants and experts engaged by the parties or counsel of record.  The persons receiving such documents or information shall use them solely for the purpose of this litigation.  Confidential Criminal Information may be disclosed to persons only to the extent necessary for the preparation for trial, and trial, of this case.  Confidential Criminal Information shall not be disclosed directly or indirectly to any other person other than as provided in this Order.  Unauthorized disclosure of the substance, a summary, or any portion of a confidential document constitutes a violation of this Order.

6.  When any Confidential Criminal Information is disclosed as permitted by this Order, each person receiving such disclosure shall be shown a copy of this Order and shall sign a statement agreeing to be bound by this Order.  Defendants shall be provided notice of such disclosure.  This Order is enforceable in contempt proceedings.

7.     Any use of Confidential Criminal Information, or comment on the contents of any Confidential Official Material in pleadings or documents filed with the Court pursuant to this litigation, shall be filed in sealed envelopes under Civil L.R. 79-5. The sealed envelopes shall be endorsed with the caption of this litigation, and an indication of the nature of the contents of the envelopes and a statement substantially in the following form:

> This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the City and County of San Francisco.

8.     Nothing in this Order shall be deemed to: (1) limit or waive any right of any party to resist or compel discovery with respect to documents or other material which may be claimed to be privileged or otherwise protected or protectable; (2) preclude any party at any time from seeking and obtaining from the court, on an appropriate showing, additional protection, including an order that material shall not be produced at all; or (3) constitute a ruling on the admissibility of any documents or other material as evidence in this action.

9.     Any inadvertent disclosure made in violation of this Order shall be immediately corrected by the offending party and does not constitute a waiver of the terms of this Order, except by written agreement of the parties, or further order of this Court.

10.    All documents covered by this Order and copies thereof shall be returned to the City at the termination of this litigation. Plaintiff's counsel shall comply with this requirement within 30 days after termination of this litigation, without request of defendants or further order of this Court. The provisions of this Order, insofar as they restrict the communication and use of the documents or

///
///
///
///
///
///
///

1  information covered by this Order, shall, without written permission of the City or further order of the
2  court, continue to be binding after the conclusion of the action.
3  **IT IS SO STIPULATED.**
4  Dated: September 2, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Attorney
DONALD P. MARGOLIS
Deputy City Attorney

By: _____/s/_____
DONALD P. MARGOLIS
Attorneys for Defendants

Dated: September 3, 2008

LAW OFFICES OF KENNETH N. FRUCHT

By: _____/s/_____
KENNETH N. FRUCHT
Attorney for Plaintiff
[The filer of this document attests that concurrence in the filing of this document has been obtained from plaintiff's attorney.]

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

By: _____
HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

Dated: September ___, 2008