1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  DONALD P. MARGOLIS, State Bar #116588
   MEREDITH B. OSBORN, State Bar #250467
4  Deputy City Attorney
   Fox Plaza
5  1390 Market Street, Sixth Floor
   San Francisco, California 94102-5408
6  Telephone:     (415) 554-3853
   Facsimile:     (415) 554-3837
7  E-Mail:        don.margolis@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
THOMAS ABRAHAMSEN, LORENZO ADAMSON,
DAVID OBERHOFFER, JERRY KING, MICHAEL
WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD GREEN,<br><br>        Plaintiff,<br><br>       vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, THOMAS ABRAHAMSEN, LORENZO ADAMSON, DAVID OBERHOFFER, JERRY KING, MICHAEL WILLIAMS, RAMON BUNAG, ESTHER GRANIZO and Does 1-50, inclusive,<br><br>        Defendants. | Case No. C 07-3433 MMC<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:   October 10, 2008<br>Time:   9:00 a.m.<br>Place:   Crtrm 7, 19th Fl.<br><br>Trial Date:   December 1, 2008<br><br>Accompanying Documents:<br>   Declaration of Donald P. Margolis<br>   Declaration of Thomas Abrahamsen<br>   Declaration of Lorenzo Adamson<br>   Declaration of Jerry King<br>   Declaration of David Oberhoffer<br>   Declaration of Joan Scannell<br>   Declaration of Michael Williams |

# NOTICE OF MOTION AND MOTION

**TO PLAINTIFF RONALD GREEN:**

**PLEASE TAKE NOTICE THAT** on October 10, 2008, at 9:00 a.m., or as soon thereafter as the matter can be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California in the Courtroom of the Honorable Maxine M. Chesney, defendants City and County of San Francisco, Thomas Abrahamsen, Lorenzo Adamson, David Oberhoffer, Jerry King, and Michael Williams will move for summary judgment on all causes of action contained in plaintiff's complaint, or for partial summary judgment. Defendants base this motion on this Notice, the Memorandum of Points and Authorities, the declarations of Donald P. Margolis, Thomas Abrahamsen, Lorenzo Adamson, David Oberhoffer, Jerry King, and Michael Williams (and attached exhibits), the pleadings and papers on file herein, and upon such other argument as may be presented at the time of hearing.

**GROUNDS FOR RELIEF:**

Defendants base their motion on the following grounds:

1. The first claim for relief under 42 U.S.C. section 1983 against the defendant officers for false arrest, wrongful entry and search, and wrongful seizure of weapons fails because (a) the officers relied in good faith on information that a warrant for the arrest of plaintiff was outstanding and the report of Esther Granizo, a co-occupant of the house in which plaintiff lived, that plaintiff had guns in his living area (which proved true) gave the officers reasonable suspicion to detain plaintiff; (b) plaintiff invited the officers into his residence; (c) the officers removed his weapons for public safety, instructing plaintiff how to retrieve them; and (d) the officers enjoy qualified immunity from suit, because they violated no clearly established law of which a reasonable officer would have been aware. *United States v. Hunt,* 893 F.2d 1028, 1031-32 (9th Cir. 1990).

2. The second claim for relief under 42 U.S.C. section 1983 against the defendant officers for false arrest, wrongful entry and search, and wrongful seizure of weapons fails because (a) the officers had probable cause to arrest plaintiff for aggravated assault with a weapon, trespass, and for a mental health evaluation under California Welfare and Institutions Code section 5150; (b) plaintiff consented to the entry into and search of his residence; (c) the officers seized weapons and

1 ammunition in plain view; (d) Welfare and Institutions Code section 8102 not only authorizes, but
2 requires, the confiscation of any firearms within the control of any person detained for mental health
3 evaluation under section 5150; and (e) the officers enjoy qualified immunity from suit because they
4 violated no clearly established law of which a reasonable officer would have been aware.

5       3. The third claim for relief under 42 U.S.C. section 1983 against the defendant officers
6 for malicious prosecution also fails. Plaintiff can present no evidence that the defendant officers
7 acted with malice and without probable cause, for the purpose of denying him a constitutional right,
8 sufficient to rebut the presumption that the district attorney broke the chain of causation between the
9 arrest and prosecution by exercising independent judgment. *Smiddy v. Varney*, 665 F.2d 261, 267
10 (9th Cir. 1981); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004).

11       4. The fourth claim for relief under 42 U.S.C. section 1983 against the defendant officers
12 for conspiracy with plaintiff's landlord and co-tenant to deprive plaintiff of his constitutional rights
13 also fails, because (a) plaintiff has not established that any officer violated his constitutional rights,
14 *DeGrassi v. City of Glendora*, 207 F.3d 636, 647-48 (9th Cir. 2000); and (b) plaintiff can present no
15 evidence that any officer agreed with the landlord or co-tenant to treat plaintiff a certain way.

16       5. Plaintiff's last claim for relief under 42 U.S.C. section 1983 against the City and
17 County of San Francisco ("City") under *Monell v. Department of Social Services*, 436 U.S. 658
18 (1978), alleging deliberate indifference in the hiring, supervision, training, and discipline of members
19 of the SFPD, failing to fully and fairly investigate allegations of criminal conduct, and failing to train
20 officers regarding intervention in landlord-tenant disputes, fails because (a) plaintiff has not
21 established a violation of any constitutional right. *City of Los Angeles v. Heller*, 475 U.S. 796, 799
22 (1986); *Quintanilla v. City of Downey*, 84 F.3d 353, 355-56; and (b) plaintiff can present no evidence
23 that any constitutional harm inflicted was pursuant to an official policy or custom.

**ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT**

In the alternative, should the Court determine that summary judgment is appropriate on some, but not all, claims for relief, defendants move for partial summary judgment as to those claims.

Dated:  September 5, 2008

    DENNIS J. HERRERA
    City Attorney
    JOANNE HOEPER
    Chief Trial Deputy
    DONALD P. MARGOLIS
    MEREDITH B. OSBORN
    Deputy City Attorneys

By: _____/s/_____
    DONALD P. MARGOLIS

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
THOMAS ABRAHAMSEN, LORENZO ADAMSON,
DAVID OBERHOFFER, JERRY KING, and
MICHAEL WILLIAMS