DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DONALD P. MARGOLIS, State Bar #116588
MEREDITH B. OSBORN, State Bar #250467
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3853
Facsimile:      (415) 554-3837
E-Mail:          don.margolis@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
THOMAS ABRAHAMSEN, LORENZO ADAMSON,
DAVID OBERHOFFER, JERRY KING, MICHAEL
WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD GREEN,<br><br>         Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, THOMAS ABRAHAMSEN, LORENZO ADAMSON, DAVID OBERHOFFER, JERRY KING, MICHAEL WILLIAMS, RAMON BUNAG, ESTHER GRANIZO and Does 1-50, inclusive,<br><br>         Defendants. | Case No. C 07-3433 MMC<br><br>**ADMINISTRATIVE MOTION UNDER CIVIL LOCAL RULE 79-5 FOR PERMISSION TO FILE DOCUMENT CONTAINING CONFIDENTIAL CRIMINAL INFORMATION UNDER SEAL; PROPOSED ORDER**<br><br>**[CIVIL L.R. 7-11]**<br><br>Trial Date:         December 1, 2008<br><br>Summary Judgment<br>Hearing Date:    October 10, 2008 |

Pursuant to Local Rule 7-11, defendants seek the Court's permission to file under seal one exhibit in support of their pending motion for summary judgment.

Stip. Admin. Mot. re Protective Order
CASE NO. C-07-3433

1

n:\lit\li2007\080465\00507997.doc

**BACKGROUND**

1. On September 5, 2008, defendants filed a motion for summary judgment or partial summary judgment in this action.

2. One of the grounds of the motion is that the first cause of action for false detention or arrest fails because on the subject date of July 1, 2005, the relevant defendant police officers had reasonable suspicion or probable cause to detain or arrest plaintiff based on the officers' having learned from dispatch that there was an active warrant outstanding for plaintiff's arrest. Defendant Officer Jerry King stated in paragraph 6 of his supporting declaration, filed on September 5, 2008, that he and his fellow officer:

> learned from dispatch that there was an outstanding warrant for Ron Green's arrest. Specifically, we learned that a warrant issued by a court on May 13, 1999 was active and outstanding for Ronald Green, date of birth August 14, 1970, for failure to appear in San Francisco County Superior Court on a speeding ticket. We had already ascertained that plaintiff Ron Green's date of birth was August 14, 1970, the same date of birth. Our computerized source of information also advised us to call the San Francisco Sheriff's Central Warrant Bureau to verify that the warrant was active. Based on the knowledge I had gained by this point in my investigation – that a warrant was outstanding for Mr. Green's arrest – I placed Mr. Green in handcuffs and detained him, pending further investigation.

3. Defendants' counsel, Deputy City Attorney Donald P. Margolis, wished to confirm the accuracy of Officer King's declaration. Counsel also anticipated that the Court may wish to view a printout of the above information that Officer King and his colleague learned from dispatch. That information was contained in a computer assisted dispatch ("CAD") printout. There was, however, a potential legal impediment to obtaining, serving on plaintiff's counsel, and providing to the Court an unredacted version of the printout reflecting that transmittal of information. The printout contains information concerning not only the arrest and warrant status, but also information obtained through the California Law Enforcement Telecommunications System ("CLETS"), a computerized law communications network that allows certain law enforcement agencies to obtain information directly from federal, state, and local computerized information files.

4. California law strictly limits the use and dissemination of information contained in CLETS, limiting the use to "the official business of the state, and the official business of any city, county, city and county, or other public agency." Cal. Gov't Code § 15153. Moreover, knowingly

furnishing a CLETS record, or information from that record, to a person not legally authorized to receive it, or knowingly receiving such a record or information from that record without authority to receive it is a misdemeanor. Cal. Penal Code §§ 11141, 11142, 11143.

5. Because of the above legal proscriptions, with his initial declaration filed September 5, 2008, Officer King submitted as Exhibit A a redacted version of the CAD printout, containing all information that was in the original CAD printout except the information contained from CLETS, which the parties describe as Confidential Criminal Information.

6. Also because of the above legal proscriptions, on September 4, 2008, defendants submitted a proposed Protective Order Pursuant to Stipulation to this Court, seeking authorization to file and serve documents containing Confidential Criminal Information. On September 5, 2008, this Court entered its Protective Order Pursuant to Stipulation, providing in relevant part that:

   a. The San Francisco Department of Emergency Management ("DEM"), and its employees, are authorized to furnish to the San Francisco City Attorney's Office unredacted versions of all CAD printouts, or Event History Details, concerning plaintiff Ronald S. Green, whose date of birth is August 14, 1970, including, but not limited to, CAD No. 051821042, for Incident No. 050-734-340, dated July 1, 2005.

   b. The San Francisco City Attorney's Office and its employees are authorized to furnish to counsel for plaintiff Ronald Green all such materials received from DEM. Plaintiff Ronald S. Green and his counsel, Kenneth Frucht, are authorized to possess all such material.

   c. All documents containing CLETS records and information from CLETS records, or warrant information, shall be stamped or otherwise designated "Confidential Criminal Information."

   d. All testimony and exhibits that the defendants consider in good faith to be or to contain Confidential Criminal Information shall, at the request of the defendants, be designated Confidential on the record.

   e. Recipients of Confidential Criminal Information shall preserve the confidentiality and privacy of all Confidential Criminal Information.

    f. Any use of Confidential Criminal Information, or comment on the contents of any Confidential Official Material in pleadings or documents filed with the Court pursuant to this litigation, **shall be filed in sealed envelopes under Civil L.R. 79-5.** The sealed envelopes shall be endorsed with the caption of this litigation, and an indication of the nature of the contents of the envelopes and a statement substantially in the following form:

> This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the City and County of San Francisco.

  7. On September 5, 2008, this Court entered the Protective Order Pursuant to Stipulation. Accordingly, all of the terms recited above govern the filing and service of Confidential Criminal Information.

  8. On September 9, 2008, defendants filed the Supplemental Declaration of Officer Jerry King, to which was attached as Exhibit A a true and correct unredacted copy of the CAD printout that Officer King and his fellow officer relied on to learn that there was an active misdemeanor warrant for plaintiff's arrest at the time the officers ran his name. Defendants submitted that exhibit in an envelope, in an attempt to file it under seal pursuant to the Protective Order of September 5, 2008. On September 10, this Court rejected the filing under seal, notifying defendants that they had not complied with Civil Local Rule 79-5 because they had failed to file an Administrative Motion to Seal.

## REQUEST FOR RELIEF

  9. Defendants now submit this Administrative Motion to Seal in compliance with Rule 79-5. For the foregoing reasons, defendants request an order authorizing the filing under seal of the unredacted version of the CAD printout. The requested is narrowly tailored to protect by seal only the portion of the CAD printout that was redacted from Exhibit A to Officer King's initial declaration of September 5, 2008, which is filed in the publicly available Court file. Again, although for reasons of convenience, the defendants request that the entire unredacted CAD printout be filed under seal, in effect only the portions of that document that contain Confidential Criminal Information will be sealed from public view, because the redacted version of the CAD printout already on file in the public Court file does *not* obscure any entries other than Confidential Criminal Information.

**CONCLUSION**

Defendants request entry of an order authorizing the filing under seal of the unredacted CAD printout No. 051821042.

Dated: September 15, 2008

                DENNIS J. HERRERA
                City Attorney
                JOANNE HOEPER
                Chief Trial Deputy
                DONALD P. MARGOLIS
                Deputy City Attorney

By:           /s/
        DONALD P. MARGOLIS

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO